**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROYCE KEITH WILLIAMS,<br><br>               Plaintiff - Appellant,<br><br>v.<br><br>NICOLE STOLAR; et al.,<br><br>               Defendants - Appellees. | No. 13-55044<br><br>D.C. No. 5:07-cv-01632-ABC-OP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Royce Keith Williams appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging violations of his Fourteenth

Amendment due process rights arising out of the removal of his minor son without

prior judicial authorization.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001). We may affirm on any basis supported by the record. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). We affirm.

Summary judgment was properly granted to Stolar and Fisher because they were entitled to qualified immunity, as it would not have been clear to every reasonable social worker and police officer that the removal of Williams's minor son was unlawful under the circumstances presented. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (explaining two-part test for qualified immunity); *see also Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000) (government officials cannot remove a child from a parent's custody without prior judicial authorization unless they possess information at the time of the seizure that establishes "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**